

U.S. Department of Justice

*United States Attorney*
*District of Maryland*

*James O'Donohue*
*Assistant United States Attorney*
*James.O'Donohue@usdoj.gov*

*Suite 400*
*36 S. Charles Street*
*Baltimore, MD 21201-3119*

*DIRECT: 410-209-4985*
*MAIN: 410-209-4800*

August 26, 2025

The Honorable Adam B. Abelson
United States District Judge
United States District Court for the District of Maryland
101 W. Lombard St.
Baltimore, MD 21201

    Re:    United States v. Terrell Ridgley
               Criminal No. ABA-24-209

Dear Judge Abelson:

    I am writing to state the government's sentencing recommendation in the above-referenced case. For the reasons discussed below, the government respectfully requests that the Court accept the Rule 11(c)(1)(C) agreement and sentence the defendant to a sentence of 96 months' incarceration, which is within both the sentencing guidelines and the agreed-upon sentencing range of 87 to 108 months incarceration.

## Sentencing Procedure

    In *Gall v. United States*, 552 U.S. 38 (2007), the Supreme Court set forth a multi-step process for imposing sentence in a criminal case. *Id*. at 51-52. A sentencing court should begin by correctly calculating the applicable guidelines range. *Id*. at 49. After providing the parties with an opportunity to present argument, the district court should then consider the factors set forth in 18 U.S.C. § 3553(a). *Id*. at 49-50. *See also United States v. Diosdado-Star*, 630 F.3d 359, 363 (4th Cir. 2011).

## Sentencing Guidelines Calculation

    The defendant pled guilty to count one of a superseding information – Possession with Intent to Distribute Controlled Substances, in violation of 21 U.S.C. § 841. The base offense level for count one is **30** pursuant to U.S.S.G. § 2D1.1(c)(5) because the conspiracy involved at least 400 grams of fentanyl but less than 1.2 kilograms.

    The defendant accepted responsibility for his misconduct and accordingly the government does not oppose a 2-level reduction in the defendant's adjusted offense level pursuant to U.S.S.G.

§ 3E1.1(a). The government also agrees to make a motion pursuant to U.S.S.G. § 3E1.1(b) for an additional 1-level decrease in recognition of the defendant's timely notification of the defendant's intention to enter a plea of guilty. Therefore, the adjusted offense level is **27**.

The defendant has 6 total criminal history points, making him a criminal history category of **III**. PSR ¶ 37.

With an adjusted offense level of **27** and criminal history category of **III**, the defendant's sentencing guideline range is **87-108** months imprisonment.

As explained in more detail below, the government believes that a sentence of 96 months imprisonment, which is within the guidelines range, is sufficient but no greater than necessary to serve the goals of 18 U.S.C. § 3553(a).

**Factors Set Forth in 18 U.S.C. § 3553(a)**

Under § 3553(a), "[t]he Court shall impose a sentence sufficient, but not greater than necessary, to comply with the purposes" of sentencing. 18 U.S.C. § 3553(a). The government believes the following 3553(a) factors are most relevant in this case:

I.   Nature and Circumstances of the Offense (3553)(a)(1))

Here, the charged crimes are very serious and represent the defendant's involvement in a substantial drug trafficking organization responsible for the proliferation of fentanyl in and around Baltimore. Towards the end of 2023 and into 2024, the DEA purchased quantities of fentanyl from codefendants Tyon Bailey and Jaron Rhodes on multiple occasions. During this time, investigators observed Ridgley meet with other members of the DTO and engage in suspected drug trafficking activity. Notably, he continued participating in the drug trafficking organization even after the leader, and codefendant, Tyon Bailey was incarcerated for drug distribution offenses related to the DTO's activities. The defendant knew that law enforcement was aware of the DTO's drug trafficking but continued to engage in this criminal activity anyway. He was intercepted on a wiretap discussing the "blue stuff" stored at Bailey's residence – a reference to blue colored fentanyl. Relatedly, when investigators executed a search warrant at the defendant's residence on October 3, 2024, they recovered at least 400 grams of a mixture or substance containing fentanyl; a quantity of cocaine; and cutting agents. Alarmingly, they also observed the defendant attempting to flush some of the purple fentanyl down the toilet in an attempt to avoid law enforcement detection. The defendant knew what he was doing was wrong, dangerous, and criminal.

II.  History and Characteristics of the Offender (3553(a)(1))

The defendant's criminal history is substantial, although certainly not among the most serious this Court sees. In 2010, the defendant was convicted of possession with intent to distribute narcotics and sentenced to three years prison with all but 16 months suspended. He then violated his probation and was sentenced to an additional four months' incarceration. PSR ¶ 29. In 2017,

the defendant was again convicted of possession with intent to distribute narcotics and sentenced to ten years prison with all but three years suspended. PSR ¶ 34.

Growing up, the defendant's father was a heroin user and was intermittently incarcerated. PSR ¶ 61. The defendant has verified substance abuse issues relating to marijuana, heroin, and Percocet. PSR ¶ 68. It appears that he has previously attempted drug treatment programs and is currently engaging in such a program in Anne Arundel County, which he reports has been helpful. PSR ¶ 69.

The government also recognizes the defendant's willingness and interest in preparing himself from an employment and training standpoint for when he is released from prison. He is enrolled in a welding program and works for The Class Produce in Jessup, Maryland. PSR ¶ 71-72. These actions give the government hope that the defendant will be able to become a productive member of society upon his release instead of relying on criminal activity for income.

III. <u>The Need for the Sentence to Reflect the Seriousness of the Offense, to Promote Respect for the Law, to Provide Just Punishment for the Offense, to Afford Adequate Deterrence to Criminal Conduct and to Protect the Public from Further Crimes of the Defendant (3553(a)(2))</u>

The government is hopeful that a sentence of 96 months will deter the defendant from engaging in drug distribution activity in the future and will deter similarly situated individuals from doing so. As described above, the defendant has taken steps to demonstrate that he strives to improve himself, giving the government some assurance that he will be deterred from committing such crimes again.

In summary, the government believes 96 months incarceration, which is in the middle of the sentencing guidelines, is the sentence that is sufficient but not greater than necessary to achieve the goals of sentencing. The government thanks the Court for its consideration of this matter.

Respectfully submitted,

Kelly O. Hayes
United States Attorney

Digitally signed by JAMES O'DONOHUE
Date: 2025.08.26 17:35:34 -04'00'

By:   James O'Donohue
      Assistant United States Attorney

cc:   Pat M. Woodward, Esq.
      Melissa McGuinness, USPO

3